J-S27010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC GERMAN | : | |
| | : | |
| Appellant | : | No. 3120 EDA 2017 |

Appeal from the PCRA Order September 13, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004517-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 09, 2018**

Appellant, Eric German, appeals from the order denying his sixth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On January 13, 2009, [Appellant] entered a plea of guilty to Rape of a Child[.[1]]   [Appellant] was sentenced to a term of imprisonment of not less than ten (10) years nor more than forty (40) years in a state correctional institution.[2]   On August 28, 2009, [Appellant] filed a direct appeal.  On June 18, 2010, the Superior Court affirmed this [c]ourt's judgment of sentence. Thereafter, a Motion for Writ of Habeas Corpus was filed on September 7, 2010, and an amended Petition for Post Conviction

---

[1]  18 Pa.C.S. § 3121(c).

[2]  Appellant also was deemed a sexually violent predator ("SVP").  SVP Order, 7/16/09.

Collateral Relief was filed on October 29, 2010. Then, on November 22, 2010, [Appellant] withdrew his Petition for Post Conviction Collateral Relief. Thereafter, on February 4, 2011, [Appellant] filed a second Motion for Writ of Habeas Corpus, which this [c]ourt denied on April 6, 2011. Also, on June 13, 2011, [Appellant] filed a Pro Se Motion for Writ of Habeas Corpus, and on June 15, 2011, [Appellant] filed a Pro Se Supplemental Motion for Writ of Habeas Corpus. This [c]ourt denied said motion on July 26, 2011. Then, [Appellant] filed another petition seeking post conviction collateral relief on July 12, 2012, that this [c]ourt subsequently denied. [Appellant] filed another Petition for Post Conviction Collateral Relief on December[]10, 2014. After providing [Appellant] with notice of its intent to dismiss this subsequent Motion for Post Conviction Collateral Relief, this [c]ourt denied [Appellant's] requested relief on January 13, 2015. Thereafter, on August 17, 2017, [Appellant] filed a sixth Post Conviction Collateral Relief Act petition. This [c]ourt again provided [Appellant] with notice of its intent to dismiss this petition on August 23, 2017. Thereafter, on September 13, 2017, this [c]ourt denied said petition. The within appeal followed on or about September 20, 2017.

On September 27, 2017, this [c]ourt instructed [Appellant] to file of record and serve upon this [c]ourt a concise statement of errors complained of on appeal no later than October 18, 2017, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). [Appellant] timely complied with said Order.

PCRA Court Opinion, 10/11/17, at 1-2. In its Pa.R.A.P. 1925(a) opinion, the PCRA court stated that it had addressed Appellant's issues in its August 23, 2017 order and was relying on and incorporating it into the opinion.

Appellant presents the following issues for our review:

1. Whether the (P.C.R.A[.]) court committed error by denying Appellant's petition for writ of habeas corpus and treating such petition as Appellant's sixth petition for Post-Conviction Collateral Relief where Appellant's claims were based on registration of Sexual Offenders, and the registration requirements of sexual offenders are claims that are non-cognizable under the P.C.R.A.

2. Whether, in light of the Pennsylvania Supreme Court holding in Muniz, does not applying 42 Pa.C.S. 9799.14(D), retroactively to Appellant, whose registrable offense pre-dated (S.O.R.N.A[.]'S) enactment date of December 20, 2012,[3] violate the ex-post facto clause of the United States and Pennsylvania Constitutions.

3. Whether the invalidation of Act 152 of 2004 known as Megans Law (3), under the Supreme Court's holding in Neiman, and the invalidation of the retroactive applicability of (S.O.R.N.A), based on the holding by the Supreme Court in Muniz, render unconstitutional, and put into question Appellant's S.V.P. status and obligation to register as a sexual offender in Pennsylvania.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant first claims that the PCRA court improperly treated his *habeas corpus* petition as a petition for post-conviction relief.  Appellant's Brief at 7. Appellant asserts that his claim regarding the registration requirements under SORNA and Megan's Law,[4] is not part of his conviction or sentence, and therefore is not cognizable under the PCRA.  *Id.* at 8.  In support of his argument, Appellant cites to **Commonwealth v. Masker**, 34 A.3d 841 (Pa. Super. 2011) and **Commonwealth v. Leidig**, 956 A.2d 399, 406 (Pa. 2003). *Id.* at 8-9.  Thus, Appellant maintains that the order of the common pleas

---

[3]  Since Appellant filed the instant appeal, SORNA subsequently was amended February 21, 2018.

[4]  Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42, establishes a statewide registry of sexual offenders.  42 Pa.C.S.A. § 9799.16(a).  On December 20, 2012, SORNA replaced the sexual offender registration statutory provisions, which were known as Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired).

court should be vacated and the case remanded for further proceedings based on Appellant's petition. *Id.* at 9.

Whether a pleading is properly construed as a PCRA petition is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Descardes*, 136 A.3d 493, 496-497 (Pa. 2016). "The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus* and *coram nobis*." *Descardes*, 136 A.3d at 497-498 (quoting 42 Pa.C.S. § 9542). A petition for writ of *habeas corpus* is only appropriate where a petitioner's claim is not cognizable under the PCRA. *Id.* at 499. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (internal citations omitted).

As noted, Appellant cites *Masker* in support of his first argument. In *Masker*, this Court, *en banc*, held that a challenge to an SVP determination, independent of a challenge to a conviction or sentence, is not cognizable under the PCRA. *Masker*, 34 A.3d at 844-845. In making this determination, this Court relied on our Supreme Court's conclusion in *Leidig*, and stated:

> To the extent that there was any confusion . . . that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences.

- 4 -

*Masker*, 34 A.3d at 844 (quoting *Leidig*, 956 A.2d at 406).

Since the decision in *Masker*, however, Megan's Law III was replaced with SORNA, which became effective on December 20, 2012. Moreover, during the pendency of this appeal, our Supreme Court issued its decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), announcing that SORNA registration requirements are tantamount to punishment. As this Court has explained: "In light of our Supreme Court's announcement in *Muniz*, we are constrained to hold that SORNA's registration requirements are no longer merely a collateral consequence, but rather punishment. As such, the Commonwealth no longer can rely upon *Leidig* as dispositive." *Commonwealth v. Hart*, 174 A.3d 660, 667 (Pa. Super. 2017). We further noted that "Although *Leidig* is not specifically mentioned by the *Muniz* Court, it appears that the *Muniz* decision impliedly overrules *Leidig* to the extent that *Leidig* determined sex offender registration requirements to be a collateral consequence." *Id.* at 667 n.10.

The PCRA specifically "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Conversely, the PCRA is not intended "to provide relief from collateral consequences of a criminal conviction." *Id.* "Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." *Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014). Thus, claims of illegal sentences are cognizable under the PCRA. *See*

*Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010) ("PCRA review is limited to defendants who claim that they were wrongfully convicted and/or are serving an illegal sentence."). Because the reporting requirements are punitive and part of the sentence, as determined by our Supreme Court in *Muniz*, a claim challenging that designation or process is cognizable under the PCRA. Furthermore, following the *Muniz* ruling, the *Masker/Leidig* line of cases no longer supports the conclusion that these claims are outside the confines of the PCRA. Thus, the Court of Common Pleas properly considered Appellant's instant petition under the framework of the PCRA.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). **Commonwealth v. Ward-Green**, 141 A.3d 527, 532 (Pa. Super. 2016). This is true despite the fact that Appellant's petition

_____

[5] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

presents a challenge to the legality of his sentence. *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant's judgment of sentence became final on July 19, 2010,[6] thirty days after this Court affirmed Appellant's judgment of sentence and the time in which to seek an allowance of appeal in the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, Appellant had to file the current PCRA petition in this matter by July 19, 2011, in order for it to be timely.

Appellant filed the instant PCRA petition, his sixth, on August 17, 2017. Accordingly, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

---

[6] Because the thirtieth day of the appeal period, July 18, 2010, fell on a Sunday, Appellant had until Monday, July 19, 2010, to file his notice of appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

Here, Appellant appears to be invoking the "newly recognized constitutional right" exception to the time-bar by relying on the ruling in **Muniz**. Appellant's Brief at 10-12. As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649 (Pa.2007).

This Court has declared that **Muniz** created a substantive rule that applies in the collateral context. **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, as we recognized in **Commonwealth v. Murphy**, 180 A.3d 402, 405–406 (Pa. Super. 2018), "because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy Section 9545(b)(1)(iii)." No such holding has yet been issued by our Supreme Court.[7] Accordingly, Appellant cannot rely on **Muniz** to meet that timeliness exception. Accordingly, we affirm the denial of PCRA relief.

---

[7] As we noted in **Murphy**, "if the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 406 n.1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/18